UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KURT SCHOBER & KELLY SCHOBER,

                Plaintiffs,

v.                                            **DECISION AND ORDER**
                                                08-CV-469S

PRAXAIR, INC.,

                Defendant.

## I. INTRODUCTION

Plaintiffs commenced this case by filing a Complaint in the Supreme Court for the State of New York, Erie County, on March 24, 2008, alleging that Defendant's negligence caused Plaintiffs to sustain personal injuries. On June 24, 2008, the case was removed to this Court. (Docket No. 1.) Presently before this Court is Plaintiffs' Motion to Remand to State Court. (Docket No. 3.) For the reasons discussed below, Plaintiffs' Motion is granted.

## II. BACKGROUND

The facts of this case are straightforward. Plaintiffs Kurt and Kelly Schober are citizens and residents of New York State. (Docket No. 6, ¶ 3.) Defendant Praxair, Inc. is a corporation organized under the laws of the State of Delaware, with its headquarters located in the State of Connecticut. (Docket No. 6, ¶ 4.) On April 4, 2005, Plaintiff Kurt Schober was injured while operating machinery on Defendant's property. (Docket No.1-3, ¶ 5.) Thereafter, Plaintiffs filed suit in New York State Supreme Court, alleging negligence on the part of Defendant.

1

Plaintiffs' Complaint sets forth two claims. The first claim seeks compensation for Mr. Schober's personal injuries. The second claim seeks compensation for Mrs. Schober's loss of "services, comfort, and society," which Mr. Schober can, allegedly, no longer provide as a result of his injury. (Docket No. 1-3, ¶ 13.)

In support of their first claim, Plaintiffs make the following allegation:

> [Mr.] Schober sustained severe permanent and painful injuries in and about the head, arms, legs and body and more specifically the right arm and wrist and by reason of these injuries, the Plaintiff has and will in the future be caused to expend large sums of money for surgical and hospital care, physical services, nursing care, x-rays and medical supplies in all to his [sic] monetary damage in an amount in excess of the jurisdictional limits of all lower courts in the State of New York.

(Id., ¶ 9.)

Pursuant to Rule 3017(c) of the New York Civil Practice Law and Rules, which prohibits the inclusion of a specific monetary demand for damages in a personal injury action, Plaintiffs do not specify the amount of damages they seek in their Complaint. See N.Y. C.P.L.R. § 3017(c). Instead, Plaintiffs' Complaint states that they seek "a sum of money in excess of the jurisdictional limits of all lower courts in the State of New York plus the costs and disbursements of this action." (Id., ¶ 13.) However, in response to Defendant's Request for a Supplemental Demand for Relief, Plaintiffs stated that their demand is $74,000. (Docket No. 1-7.)

After receiving Plaintiffs' response, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, arguing that this Court has subject matter jurisdiction by reason of diversity of citizenship. (Docket No. 1.) Thereafter, Plaintiffs filed the instant Motion to Remand to State Court. (Docket No. 3.)

## III. DISCUSSION

*A.     Law*

Federal district courts "are 'courts of limited jurisdiction' whose powers are confined to statutorily and constitutionally granted authority." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56 (2d Cir. 2006) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 125 S.Ct. 2611, 2616-17, 162 L.Ed.2d 502 (2005)). Pursuant to its power to ordain and establish federal courts, Congress has granted federal district courts original jurisdiction in cases between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332. This is commonly referred to as "federal diversity jurisdiction." See Blockbuster, Inc., 472 F.23d at 56.

When a civil action meets the requirements for federal diversity jurisdiction the defendant may remove the case from state court to a federal district court. See 28 U.S.C. § 1441(a). In order to remove a civil action, the defendant must demonstrate, in relevant part, that the plaintiff's claim – the amount in controversy – exceeds $75,000 by a "reasonable probability." Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000). To determine whether the defendant makes such a demonstration, "courts look first to the plaintiffs' complaint and then to [the defendant's] petition for removal." Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).

A complaint that contains vague, conclusory allegations as to the amount in controversy will not support removal. Yonkosky v. Hicks, 409 F. Supp. 2d 149, 157 (W.D.N.Y. 2005) (Elfvin, J.). But "federal courts may look outside th[e] pleadings to other evidence in the record [when] the pleadings themselves are inconclusive as to the amount

3

in controversy." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994). Courts have considered the plaintiff's medical records in order to infer whether the plaintiff seeks a substantial recovery. See, e.g., Battaglia v. Penske Truck Leasing Co., L.P., No. 08-CV-2623, 2008 WL 2946009, at *2 (E.D.N.Y. July 29, 2008); James v. Gardner, No. 04-CV-1380, 2004 WL 2624004, at *4 (E.D.N.Y. Nov. 10, 2004).

The removal statute is to be strictly construed, and any doubts should be resolved in favor of remand. Somly v. J. Lu-Rob Enter., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991) (citations omitted). "The burden is on the removing party to prove that it has met the requirements for removal," Codapro Corp. v. Wilson, 997 F. Supp. 332, 325 (E.D.N.Y. 1998), and on a motion to remand, the burden remains "on the party seeking to preserve removal, not the party moving for remand." Pan Atlantic Group, Inc. v. Republic Ins. Co., 878 F. Supp. 630, 638 (S.D.N.Y. 1995).

## *B.* *Arguments of the Parties*

Plaintiffs argue that this Court lacks subject matter jurisdiction because the amount in controversy requirement for diversity jurisdiction is not satisfied. Defendant contends that there is a reasonable probability that Plaintiffs' claim will exceed $75,000, and therefore, the amount in controversy requirement is established.

## *C.* *Analysis*

This Court finds that Defendant has not demonstrated that Plaintiffs' claims exceed $75,000 by a reasonable probability. In arriving at such a determination, this Court has examined Plaintiffs' Complaint, Defendant's Notice of Removal, and Mr. Schober's medical

records.

Plaintiffs' Complaint does not demonstrate that the amount in controversy exceeds $75,000 by a reasonable probability for two main reasons. First, Plaintiffs' allegations that Mr. Schober suffered "severe permanent and painful injuries," and "has and will be caused to expend large sums of money for treatment," are too vague to support a finding that Plaintiffs seek in excess of $75,000. See Yonkosky, 409 F. Supp. at 157 (holding that plaintiff's allegations, which sought relief for "severe and permanent injuries, internal as well as external, by reason of which he has been and will be compelled to expend large sums of money for medical bills" were too vague). Second, Plaintiffs' allegation that they seek "a sum of money in excess of the jurisdictional limits of all lower courts in the State of New York," is also insufficient. See Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273-74 (2d Cir. 1994) (diversity jurisdiction lacking where complaint alleged amount in controversy "in excess of $15,000" and the then-amount in controversy minimum was $50,000). Accordingly, there is nothing in the Complaint demonstrating that Plaintiffs' claims exceed $75,000 by a reasonable probability.

In the Notice of Removal, Defendant argues that, "strictly from a damages perspective, the amount in controversy exceeds the $74,000 demanded by the plaintiff." (Docket No. 1, ¶ 10.) In support of its argument, Defendant submits Mr. Schober's medical records,[1] which Defendant maintains may be properly considered under Battaglia v.

---

[1] Although Defendant does not explicitly ask the Court to look outside the pleadings in its Notice of Removal, Defendant's submission of medical records can be reasonably viewed as an implicit request. Moreover, in its response to Plaintiffs' Motion to Remand, Defendant explicitly asks this Court to extend its consideration to information outside the pleadings, and "consider the nature of the plaintiff's injuries (fractured wrist), the plaintiff's treatment (surgery with the insertion of pins), the extent of the workers' compensation lien ($43,382.55), as well as the plaintiff's own self-serving admission that the amount in controversy is $74,000, in determining whether the amount in controversy has been satisfied." (CITE).

5

Penske Truck Leasing Co., L.P., No. 08-CV-2623, 2008 WL 2946009 (E.D.N.Y. July 29, 2008). (Docket No. 6-6).

Consideration of these documents, however, may not be proper. It is debatable whether the pleadings are sufficiently inconclusive to warrant this Court's reference to external evidence in the record. For instance, in Battaglia, the Court considered the plaintiff's medical records because the complaint "lacks any information to indicate whether the amount in controversy exceeds this Court's jurisdictional threshold." 2008 WL 2946009, at *2. The Court acted similarly in Gardner, where it considered the plaintiff's medical records because the plaintiff "made no representation as to the amount in controversy other than the $25,000 jurisdictional amount required in New York State court." 2004 WL 2624004, at *4.

But here, this Court finds it proper to consider Plaintiff's statement of damages in response to Defendant's Request for a Supplemental Demand for Relief in conjunction with the Complaint. See Whitaker v. American Telecasting, Inc., 261 F.3d 196, 198 (2d Cir. 2001) (stating that the "initial pleading" is not limited to the complaint, but includes any information that enables the defendant to intelligently ascertain the basis for removal). Therein, Plaintiffs specifically allege that they seek $74,000 in damages. Therefore, it would be reasonable to conclude that the pleadings conclusively state the amount sought by Plaintiffs, warranting any reference to external evidence unnecessary.

But even assuming that the pleadings are inconclusive, consideration of Mr. Schober's medical records do not demonstrate that his injuries are so severe so as to effectively render Plaintiffs' demand for $74,000 an understatement. For instance, the records discuss Mr. Schober's injury to his right hand, wrist, and forearm, and note his

subsequent surgery.  The records also reveal that after his injury, Mr. Schober "has only taken Tylenol for [his injury and that] he has noted some tingling in his fingers."  (Docket No. 6-5, p. 1.)  Moreover, Mr. Schober's last medical record indicates that he has "no real complaints of pain," and "is inquiring about his ability to return to work."  (Id., p. 12);see also Battaglia, 2008 WL 2946009, at *2 (plaintiff's medical reports, which showed that "plaintiff suffers from a cervical bulge at C6-C7 with resulting limited range of motion and injury to her right shoulder which causes pain and numbness to radiate to her arm and finders with resulting limited range of motion ... [and that she complains] of unbearable pain in her neck, upper and lower back which affects her sleeping habits and quality of life," were insufficient to demonstrate amount in controversy exceeds $75,000).

Accordingly, this Court finds that, upon examination of the pleadings and Mr. Schober's medical records, Defendant fails to demonstrate by a reasonable probability that the amount in controversy exceeds $75,000.  Diversity jurisdiction is therefore lacking and Plaintiffs' Motion to Remand will be granted.

## IV.  CONCLUSION

For the foregoing reasons, remand to state court is required because this Court lacks subject matter jurisdiction.  Plaintiffs' request for remand is therefore granted.

## V.  ORDERS

IT IS HEREBY ORDERED, that Plaintiffs' Motion to Remand to State Court (Docket No. 3) is GRANTED.

FURTHER, that the Clerk of the Court is directed to transfer this case to the New York State Supreme Court, County of Erie.

FURTHER, that the Clerk of the Court is directed to close this case upon transfer to the New York State Supreme Court, County of Erie.

SO ORDERED.

Dated: April 30, 2009
       Buffalo, NY

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge